## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANAH QUINTANA**,

Case Number: _____

*Plaintiff*,

v.

**HUNTER WARFIELD, INC.**,

*Defendant*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DANAH QUINTANA, ("**Ms. Quintana**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, HUNTER WARFIELD, INC. ("**Hunter Warfield**"), and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Ms. Quintana against Hunter Warfield for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p and the FCCPA, section 559.77(1), Florida Statutes.

3.      Hunter Warfield is subject to the provisions of the FDCPA, FCRA, and FCCPA and is subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.

4.      Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by Defendants within the District.  28 U.S.C. §§ 1391(b) and (d).

## PARTIES

6.      Ms. Quintana is a natural person residing in Pasco County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

7.      Hunter Warfield is a Florida corporation with a primary business address of 4620 Woodland Corporate Blvd, Tampa, FL 33614.

8.      The Florida Registered Agent for Hunter Warfield is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

9.      Hunter Warfield is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(7), Florida Statutes, in that it sought to collect an amount originally due to another party.

## FACTUAL ALLEGATIONS

10.      Ms. Danah and Christy Quintana allegedly incurred a debt to an original creditor Camden Citrus Park ("**Camden**"), an apartment lessor ("**debt**"). **SEE PLAINTIFF'S EXHIBIT A**.

11.      The debt was related to the rental of a residential apartment by Ms. Quintana.

12.      The debt was for family, personal, or household purposes and meets the definition of "debt" as provided in 15 U.S.C. § 1692a(5) and section 559.55(6), Florida Statutes.

13.      Both Danah and Christy Quintana executed the lease.

14.      The date on which the debt first became delinquent, known as the date of first delinquency ("**DOFD**"), was June 2011. **SEE EXHIBIT B.**

15.     Subsequent to the DOFD, the debt was purchased by, transferred to or assigned to Hunter Warfield.

16.     Hunter Warfield began reporting the debt to the major consumer credit reporting agencies ("**CRAs**") as an unpaid collection account in the original amount of $2,101 under account number 5884465.

17.     Hunter Warfield reported the responsibility of the debt as an "individual"**.  SEE PLAINTIFF'S EXHIBIT C.**

18.     Upon information and belief, Hunter Warfield also reported responsibility to the CRAs of the debt as "individual" with respect to Christy Quintana, as well.

19.     Around July 2014, Ms. Quintana made a partial payment of $300.

20.     On or about August 1, 2014, Ms. Quintana settled the debt in full by paying the balance then demanded to Henshel & Beinhaker, P.A., legal counsel for Camden.

21.      On or about August 6, 2014, Henshel & Beinhaker, P.A. provided written confirmation of full payment and satisfaction of the debt to Ms. Quintana. **SEE PLAINTIFF'S EXHIBIT A**.

22.     The written confirmation was addressed to both Danah and Christy Quintana. *Id*.

23.     On or about August 6, 2014, Ms. Quintana reviewed her Equifax consumer credit report and found Hunter Warfield was reporting the account as an unpaid collection.

24.     Ms. Quintana disputed the accuracy of Hunter Warfield's tradeline to Equifax stating that the account had been paid and provided the relevant information with which this could be confirmed.

25.     On information and belief, Equifax sent Hunter Warfield an Automated Consumer Dispute Verification ("**ACDV**") request and asked Hunter Warfield to review all relevant information and conduct a reasonable reinvestigation as required by the FCRA.

26.     Hunter Warfield answered the ACDV on or about August 26, 2014 confirming its tradeline, indicating that the debt was *not* paid and that unpaid balance amount was $1,781. **SEE PLAINTIFF'S EXHIBIT D**.

27.     Hunter Warfield also updated its reporting with the CRAs to allege that the original amount of the debt was $1,781 and the current balance was also $1,781. **SEE PLAINTIFF'S EXHIBIT C.**

28.     In or around September 2014, Hunter Warfield made a new report to the CRAs stating that the original debt was $2,101; not $1,781 as reported by Hunter Warfield in August. **SEE PLAINTIFF'S EXHIBIT B**.

29.     Hunter Warfield also reported that the balance currently owed increased from $1,781, as reported in August, to $1,793. *Id*.

30.     In this reporting, it also listed the last payment date of July 31, 2014. *Id*.

31.     On or about October 3, 2014, Ms. Quintana again disputed the accuracy of Hunter Warfield's tradeline to Equifax stating that the debt was paid.

32.     On information and belief, Equifax again sent Hunter Warfield an Automated Consumer Dispute Verification ("**ACDV**") request and asked Hunter Warfield to review all relevant information and conduct a reasonable reinvestigation as required by the FCRA.

33.     On or about October 22, 2014, Hunter Warfield answered the new ACDV by updating its reporting. **SEE PLAINTIFF'S EXHIBIT E**.

4

34.    In its updated reporting, Hunter Warfield reported the following information:

    a)    the collection was reported on October 2014;

    b)    the amount of the debt was $2,102;

    c)    the last payment date of the debt was July 2014;

    d)    the balance as of 10/2014 was $0;

    e)    this is an individual account;

    f)    the customer disputes the amount information: collection amount. *Id.*

35.    Hunter Warfield's reports to the CRAs were "communications" as defined by 15 U.S.C. § 1692a(2) and section 559.55(5), Florida Statutes.

36.    Ms. Quintana has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

37.    Ms. Quintana adopts and incorporates the above-numbered paragraphs 1 - 36 as if fully stated herein.

38.    Hunter Warfield's conduct violated **15 U.S.C. § 1692e(8)** in that Hunter Warfield communicated credit information which is known, or which should be known, to be false by reporting that the debt was still "in collections" with a $1,781 balance owed when the account was satisfied in full.

39.    Hunter Warfield's conduct violated **15 U.S.C. § 1692e(8)** in that Hunter Warfield communicated credit information which is known, or which should be known, to be false by reporting the account was an individual account instead of a joint account.

40.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(8)** in that Hunter Warfield communicated credit information which is known, or which should be known, to be false by reporting that the original amount of the debt had changed from $2,101 to $1,781.

41.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(8)** in that Hunter Warfield communicated credit information which is known, or which should be known, to be false by reporting the account as "disputed" after Ms. Quintana has satisfied the debt in full as acknowledged by Hunter Warfield.

42.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(2)(a)** by making false representation about the character, amount, or legal status of any debt when it reported the debt as unpaid after the debt has been satisfied in full.

43.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(2)(a)** by making false representation about the character, amount, or legal status of any debt when it reported that the balance of the debt had increased from $1,781 to $1,793 during the time period that the debt had been satisfied in full.

44.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(2)(a)** by making false representation about the character, amount, or legal status of any debt when it represented that the original balance had changed from $2,101 to $1,781.

45.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(2)(a)** by making false representation about the character, amount, or legal status of any debt when it represented in its final report showing the debt was paid that debt was in dispute when it was satisfied in full.

46.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e** in that Hunter Warfield used false, deceptive, or misleading representation in an attempt to collect a debt when it reported a debt as unpaid after it had been satisfied in full.

47.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e** in that Hunter Warfield used false, deceptive, or misleading representation in an attempt to collect a debt when it added an additional amount owed to a balance which was satisfied in full.

48.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e** in that Hunter Warfield used false, deceptive, or misleading representation in an attempt to collect a debt when it represented the original balance had changed.

49.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(10)** in that Hunter Warfield used false representation in an attempt to collect a debt when it reported a debt as unpaid after it had been satisfied in full.

50.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(10)** in that Hunter Warfield used false representation in an attempt to collect a debt when it reported that the balance of the debt had increased after the debt was satisfied in full.

51.     Hunter Warfield's conduct violated **15 U.S.C. § 1692e(10)** in that Hunter Warfield used false representation in an attempt to collect a debt when it represented that the original balance had changed.

52.     Hunter Warfield's conduct violated **15 U.S.C. § 1692f in** that Hunter Warfield used unfair and unconscionable methods to collect a debt when it reported a debt as unpaid that was satisfied in full.

53.     Hunter Warfield's conduct violated **15 U.S.C. § 1692f** in that Hunter Warfield used unfair and unconscionable methods to collect a debt when it reported that the balance of the debt had increased when it was satisfied in full.

54.     Hunter Warfield's conduct violated **15 U.S.C. § 1692f** in that Hunter Warfield used unfair and unconscionable methods to collect a debt when it reported that the original amount of the debt had changed.

55.     Hunter Warfield's conduct violated **15 U.S.C. § 1692f(1)** in that Hunter Warfield attempted to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) without express authorization within the agreement creating the debt or permitted by law when it changed the amount owed to $1,781 to $1,793 after the debt was satisfied in full.

56.     Hunter Warfield's conduct renders them liable for the above-stated violations of the FDCPA, and Ms. Quintana is thereby entitled for statutory damages not to exceed $1,000.

**WHEREFORE,** Ms. Quintana respectfully requests this Honorable Court enter judgment against Hunter Warfield for:

a.     Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

c.     Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA-- 15 U.S.C. § 1681, *et. seq.*

57.     Ms. Quintana adopts and incorporates the above-numbered paragraphs 1 - 36 as if fully stated herein.

58.     Hunter Warfield's conduct violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation in August 2014 after receiving notice of dispute from a CRA because a reasonable investigation would have revealed that the debt was satisfied in full and that the account was a joint account.

59.    Hunter Warfield's conduct violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation in August 2014 after receiving notice of dispute from a CRA because a reasonable investigation would not have led to a false change of the original amount of the debt.

60.    Hunter Warfield's conduct violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation in October 2014 after receiving notice of dispute from a CRA because a reasonable reinvestigation would not have led to the reporting that a paid debt was currently in dispute.

61.    Hunter Warfield's conduct violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation in October 2014 after receiving notice of dispute from a CRA because a reasonable investigation would have revealed that the account was a joint account and not an individual account.

62.    Hunter Warfield's conduct was willful and intentional, or in the alternate, exhibited a reckless disregard for its duties to make legitimate reinvestigations under the FCRA.

**WHEREFORE,** Ms. Quintana respectfully requests this Honorable Court enter judgment against Hunter Warfield for:

a.    Statutory damages of **$1,000** for each violation of the FCRA shown to have been committed by Hunter Warfield at different times (**a total of $2,000** based on two incidents) pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

c.    Such other relief that this Court deems just and proper.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF THE FCCPA- Section 559.55, Florida Statues**</u>

63.      Ms. Quintana adopts and incorporates paragraphs 1 - 36 as if fully stated herein.

64.      Hunter Warfield's conduct violated **section 559.72(9), Florida Statutes** when it attempted to enforce a debt when it knew, or should have known, that the debt was not legitimate by continuing to attempt to collect a debt that was satisfied in full.

65.      Hunter Warfield's conduct violated **section 559.72(9), Florida Statutes** when it asserted the existence of a legal right when it knew that the right did not exist by attempting to increase the amount claimed owed after the debt was paid.

**WHEREFORE,** Ms. Quintana respectfully requests this Honorable Court enter judgment against Hunter Warfield for:

a.      Statutory damages of **$1,000.00** pursuant to section 559.77(2), Florida Statutes;

b.      Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and

c.      Such other relief that this Court deems just and proper.

Respectfully submitted this 4th day of May, 2015, by:

<u>/s/ Bobbi Madonna</u>
Bobbi Madonna
Florida Bar # 0056265
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
bmadonna@seraphlegal.com
Attorney for Danah Quintana